IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALBERT ESTRADA,
Inmate No. C03750,
    Plaintiff,

vs.                                              Case No. 5:18cv78/MCR/EMT

JULIE L. JONES, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 18). Leave to proceed in forma pauperis has been granted (ECF No. 4). Plaintiff is a prisoner of the Florida Department of Corrections currently incarcerated at Apalachee Correctional Institution.

Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action "is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Having conducted a thorough review, the court is satisfied that this action is malicious and thus recommends dismissal under section 1915(e)(2)(B)(i).

Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 18 at 3–4). In Question A of Section IV, which requests information regarding any previous cases Plaintiff might have filed in state court that deal with the same or similar facts as those in the instant action, Plaintiff answered "yes" to the question and identified two state cases: Case No.: 17-29778CA08, filed in Dade County, Florida, and Case No.: 18-18-CA, filed in Martin County, Florida (*id.* at 3). He also cites to the case's parties as himself (Albert Estrada) and Julie L. Jones, Secretary, FDC (*id.*).

Question B of Section IV asks the following question: "Have you initiated other actions in **federal** court dealing with the same or similar facts/issues involved in this action?" Plaintiff answered "no" to the question (*id*. at 4).

Question C of Section IV asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id*. at 4). Plaintiff answered "no" to this question.

Question D of Section IV asks, "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (*id.*). Plaintiff answered "no" to this question (*id.*).

In effect, Plaintiff has thus stated that he has filed two previous state cases and no previous federal cases with the court that either were similar to the instant case, that generally dealt with the fact or manner of his imprisonment, or that were dismissed as frivolous or malicious, for failing to state a proper claim, or prior to service.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (ECF No. 18 at 10).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered

in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).  Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

Upon review of the docket, this court takes judicial notice that, as of the date Plaintiff filed his complaint, he had previously filed Estrada v. Henry, Case No. 3:13cv47/MCR/CJK, in this district on March 25, 2013.  In this case, Plaintiff claimed his constitutional rights were violated when he was deprived of his personal property while he was incarcerated at Blackwater River Correctional Facility.  *See* Case No. 3:13cv47/MCR/CJK at ECF Nos. 33, 48 at 2.  The case was dismissed as malicious on December 24, 2013.  *See id.* at ECF Nos. 57, 58.  The grounds for dismissal of this previous case were the fact that Plaintiff did not disclose all of his previous cases on the complaint form he filed with the court.  As provided in that case:

> The court takes judicial notice that, at the time the plaintiff filed his complaint in this case, the plaintiff had initiated at least ten other lawsuits in federal court that should have been disclosed, including the following:
> - *Estrada v. Butler*, Middle District Case Number 3:11cv366, a civil rights lawsuit the plaintiff filed in federal court while incarcerated at the Columbia Correctional Institution.  The

case was dismissed on April 26, 2011, because the plaintiff did not file his complaint on the proper form.

- *Estrada v. State of Florida Department of Corrections*, Middle District Case Number 3:10cv1100, a civil rights lawsuit the plaintiff filed in federal court while incarcerated at the Columbia Correctional Institution. The case was dismissed on December 2, 2010, because plaintiff failed to file his claims on the proper form and did not include his history of previously filed federal cases.

- *Estrada v. Department of Corrections*, Middle District Case Number 3:10cv793, a civil rights lawsuit the plaintiff filed in federal court while incarcerated at the Columbia Correctional Institution. The case was dismissed on September 7, 2010, because plaintiff failed to file his claims on the proper forms, failed to inform the court of previously dismissed cases, and failed to pay the required filing fee or properly submit an in forma pauperis motion.

- *Estrada v. Davis*, Middle District Case Number 3:11cv469, a civil rights lawsuit the plaintiff filed in federal court while incarcerated at the Columbia Correctional Institution. The case was dismissed on May 31, 2011, because plaintiff failed to file his complaints on the proper form and failed to pay the required filing fee or properly submit an in forma pauperis motion.

- *Estrada v. Davis, et al.*, Middle District Case Number 3:11cv615, a civil rights lawsuit the plaintiff filed in federal court while incarcerated at the Columbia Correctional Institution. The case was dismissed on June 28, 2011, because plaintiff did not properly complete a civil rights complaint form and failed to include the history of his previously filed cases.

- *Estrada v. Davis, et al.*, Middle District Case Number 3:11cv755, a civil rights lawsuit the plaintiff filed in federal court while incarcerated at the Columbia Correctional

> Institution. The case was dismissed on December 30, 2011, because plaintiff failed to state a claim upon which relief could be granted.
>
> All of the foregoing cases may be positively identified as having been filed by the plaintiff because they bear his inmate number C03750.[1]

*Id.* at ECF No. 48 at 3–5 (Report and Recommendation, filed November 6, 2013, and adopted by the Court on December 24, 2013 (ECF No. 57)).

In the instant case, Plaintiff failed to disclose not only Case No. 3:13cv47/MCR/CJK but also the cases it cited as not having been disclosed in that previously-filed complaint. Thus, Plaintiff has again made the same misrepresentations that he made in a previous case in this court, for which he suffered the consequence of dismissal.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Plaintiff doubtlessly knew that disclosure of his prior actions was required and that dismissal of the action might result from his untruthful answers.[2] If Plaintiff

---

[1] Likewise, Plaintiff's inmate number in the instant case is C03750 (ECF No. 18 at 1).

[2] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.

Case No: 5:18cv78/MCR/EMT

suffered no penalty for his untruthful responses, especially under the present circumstances, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause <u>without prejudice</u>.[3] *See, e.g.,* Hanson v. McCaul, No. 4:09cv126-SPM/WCS, 2009 WL 3010481, at **1–2 (N.D. Fla. Sept. 16, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose two federal cases (both of which were previously dismissed for failure to comply with court orders) on complaint form which required prisoner litigants to list all other cases that plaintiff had previously initiated in state and federal court); Thomas v. Ammons, No. CV409-139, 2009 WL 5174109, at **1–3 (S.D. Ga. Dec. 23, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose four federal cases (two of which were previously dismissed for failure to comply with court orders and the other two were previously voluntarily dismissed by plaintiff) on complaint form

---

IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* ECF No. 18 at 3) (emphasis and capitalization in original).

[3] Dismissal without prejudice is not too severe a sanction under these circumstances. Plaintiff is free to re-file if he so chooses. *See* Order of Dismissal, Spires, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

Case No: 5:18cv78/MCR/EMT

Page 8 of 9

which demanded litigation information regarding "any lawsuits brought in federal court . . ."). Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

1. That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and that Plaintiff be assessed a "strike" under 28 U.S.C. § 1915(e).

2. That all pending motions be **DENIED** as moot.

At Pensacola, Florida, this 6th day of December 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**